| STATE OF NORTH CAROLINA | File No. 10 CVS 1144 |
|---|---|
| GUILFORD County | In The General Court of Justice<br>☐ District ☒ Superior Court Division |

**Name of Plaintiff**
IHFC PROPERTIES, LLC,

# CIVIL SUMMONS

☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

**VERSUS**

**Name of Defendant(s)**
APA MARKETING, INC. and
WHALEN FURNITURE MANUFACTURING, INC.

Date Original Summons Issued

Date(s) Subsequent Summon(es) Issued

**To Each Of The Defendant(s) Named Below:**

**Name And Address of Defendant 1**
WHALEN FURNITURE MANUFACTURING, INC., by serving RANDALL WAIER, Registered Agent, or any other officer, director or managing agent
20241 Southwest Birch Street, Suite 103
Newport Beach, CA 92660
Certified Mail Receipt No. 7009 2250 0003 8709 4200

**Name And Address of Defendant 2**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)**
Andrew S. Lasine, Attorney
KEZIAH GATES LLP
Post Office Box 2608
High Point, North Carolina 27261
Phone: (336) 889-6900

Date Issued 6/22/10  Time 3:22 ☐ AM ☒ PM

Signature

☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court

☐ **ENDORSEMENT**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date of Endorsement  Time  ☐ AM ☐ PM

Signature

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court

**NOTE TO PARTIES:** Many Counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts      (Over)

NORTH CAROLINA                  IN THE GENERAL COURT OF JUSTICE
                                                                        SUPERIOR COURT DIVISION

GUILFORD COUNTY                       HIGH POINT
                                                                               10 CvS _____

IHFC PROPERTIES, LLC,            :
                                       :
             Plaintiff,          :
                                       :         <u>COMPLAINT</u>
    vs.                              :
                                       :
APA MARKETING, INC. and         :
WHALEN FURNITURE                 :
MANUFACTURING, INC.,            :
                                       :
             Defendants.         :

PLAINTIFF, COMPLAINING OF DEFENDANTS, ALLEGES:

<u>Parties and Jurisdiction</u>

1. Plaintiff is a foreign limited liability company authorized to transact business in the State of North Carolina and maintaining its offices and principal place of business in High Point, Guilford County, North Carolina.

2. Upon information and belief, defendant APA Marketing, Inc. ("APA") is a foreign corporation authorized to transact business in the State of North Carolina.

3. Upon information and belief, defendant Whalen Furniture Manufacturing, Inc. ("Whalen") is a foreign corporation transacting business in and maintaining at least minimum contacts with the State of North Carolina as more fully appears in this complaint.

4. This Court therefore has jurisdiction over the defendants in accordance with N.C. Gen. Stat. §1-75.4 and venue is proper.

## FIRST CLAIM FOR RELIEF
### (Breach of Lease)

5. Plaintiff adopts by reference and incorporates the preceding allegations of its Complaint.

6. On or about November 1, 2006, Plaintiff, as lessor, and APA, as lessee, entered into a lease for showroom space (the "Showroom") in the International Home Furnishings Center, located in High Point, North Carolina (the "Lease").

7. On or about July 10, 2008, Whalen purchased all or substantially all of APA's assets.

8. Among the assets purchased by Whalen from APA, Whalen purchased all assets and properties "owned, used, or leased" by APA, other than assets specifically excluded by the terms of the Asset Purchase Agreement.

9. The Lease between plaintiff and APA was not excluded by the terms of the Asset Purchase Agreement.

10. The Asset Purchase Agreement therefore effected and evidenced the assignment of the Lease to Whalen and Whalen's assumption of APA's obligations under the Lease.

11. Whalen thereafter confirmed to Plaintiff the assignment and its assumption of the Lease by paying to Plaintiff the remaining portion of the rent due under the Lease for the October 2008 furniture market and occupying the Showroom for that market.

12. In consideration of the assignment to and Whalen's assumption of the Lease, Plaintiff waived the existing defaults under the Lease, consented to the assignment, and allowed Whalen to exhibit its home furnishings products in the Showroom at the October 2008 furniture market.

13. Whalen thereafter paid the rent owed to Plaintiff under the Lease for the April 2009 furniture market and occupied and used the Showroom for that market.

14. After the April 2009 furniture market, Whalen vacated the Showroom and defaulted in the payment of rent and other amounts owed under the terms of the Lease.

15. Under the terms of the Lease, APA remains liable for the rent and other obligations arising from the Lease notwithstanding the assignment to Whalen and Whalen's assumption of the Lease.

16. After applying all payments and other credits to which APA and Whalen are entitled, there remains due and owing to Plaintiff under the terms of the Lease the sum of $164,327.96 through May 1, 2010.

17. Through service of this Complaint, plaintiff notifies APA and Whalen that the terms of the Lease relative to the payment of attorney's fees shall be enforced and that APA and Whalen have ten (10) days from service of this Complaint in which to pay the outstanding balance stated in the preceding paragraph in full

without the addition of attorney's fees. In the event of payment of the outstanding balance within ten (10) days of the service of this Complaint, the obligation to pay attorney's fees will be void. Otherwise, in accordance with N.C. Gen. Stat. §6-21.2, APA and Whalen are additionally indebted to Plaintiff for its reasonable attorney's fees in the amount of 15% of the outstanding balance owed to Plaintiff.

18. Plaintiff is therefore entitled to a judgment against APA and Whalen in the amount of $164,327.96, plus interest at the contract rate of 18% per annum from May 1, 2010, until paid in full and attorney's fees of $24,649.19.

## SECOND CLAIM FOR RELIEF
(Future Rent)

19. Plaintiff adopts by reference and incorporates in this Claim for Relief the preceding allegations of its complaint.

20. APA and Whalen are jointly and severally liable for the rent and other charges reserved under the Lease as it comes due through the date of trial and the entry of judgment in this action, plus interest at the contract rate of 18% per annum until paid in full.

-4-

## THIRD CLAIM FOR RELIEF
### (Mere Continuation of Business and/or De Facto Merger)

21. Plaintiff adopts by reference and incorporates in this Claim for Relief the preceding allegations of its complaint.

22. Alternatively, following its purchase of all or substantially all of APA's assets, including good will, Whalen has operated as the mere continuation of APA, employing APA's principal owners, exhibiting its products in the Showroom, and paying APA's rent for the October 2008 and April 2009 furniture markets.

23. Whalen's purchase of APA's assets and the continuation of its business amounts to a de facto merger of the two companies.

24. Plaintiff is therefore entitled to a judgment against Whalen for the rent and other charges owed under the Lease through the date of trial, reasonable attorney's fees, and interest as provided by law.

WHEREFORE PLAINTIFFS PRAY UNTO THE COURT AS FOLLOWS:

1. For judgment against defendants, jointly and severally, in the amount of $164,327.96, plus interest at the contract rate of 18% per annum from May 1, 2010, until paid in full, plus attorney's fees in the amount of $24,649.19;

2. For judgment against defendants, jointly and severally, for the rent reserved under the Lease as it comes due through the

-5-

date of trial and the entry of judgment in this action, plus interest at the contract rate of 18% per annum until paid in full and reasonable attorney's fees;

3. That the costs of this action be taxed to defendants; and

4. For such other and further relief as to the Court seems just and proper.

This the 22 day of June, 2010.

_____
Andrew S. Lasine
Attorney for Plaintiff
State Bar No. 10966

OF COUNSEL:
KEZIAH GATES LLP
Post Office Box 2608
High Point, North Carolina 27261
Telephone: (336) 889-6900
Facsimile: (336) 889-7055
Email: sam@keziahgates.com

NORTH CAROLINA

GUILFORD COUNTY

F. EDWARD THOMAS, BEING FIRST DULY SWORN, DEPOSES AND SAYS:

That he is the Chief Financial Officer of IHFC Properties, LLC, plaintiff in the foregoing action, that he has read the foregoing Complaint and knows the contents thereof; that the same is true of his own knowledge except as to those matters and things stated upon information and belief and as to those he believes it to be true.

_____
F. Edward Thomas

Sworn to and subscribed before me

this 22nd day of June, 2010.

_____
Notary Public



My Commission Expires:

6-30-12